UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO. 7:15-CV-87-FL

| | |
|---|---|
| CHARLES E. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| J.O. STEVENSON, INC., STEVENSON ) | **PROTECTIVE ORDER** |
| AUTOMOTIVE, INC., SAG PAYROLL, LLC, ) | |
| and STEVENSON AUTOMOTIVE HOLDING ) | |
| COMPANY, LLC, d/b/a STEVENSON ) | |
| AUTOMOTIVE GROUP, ) | |
| ) | |
| Defendant. ) | |

The parties, Plaintiff Charles E. West, and Defendants J.O. Stevenson, Inc., Stevenson Automotive, Inc., SAG Payroll LLC, and Stevenson Automotive Holding Company, LLC by and through their attorneys, agree as follows:

This instant matter is a civil action for legal and equitable relief arising from the Plaintiff Charles E. West's termination from his employment at Stevenson Kia in Jacksonville, North Carolina. The Plaintiff has interposed claims under Federal law against the Defendants pursuant to the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, *et seq.* Further, the Plaintiff seeks to recover from the Defendants pursuant to state law, specifically by way of claims for wrongful discharge in violation of public policy. In the course of discovery in this action, the parties will have reason to request and exchange confidential or proprietary information and documents including, but not limited to, financial records, employee personnel records, and medical records. Counsel for the parties have deemed it to be in the best interests of all parties to facilitate the discovery process by agreeing to maintain such information as confidential and to restrict the dissemination of such information. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Case

Management Order entered by the Court on March 17, 2016, and agreement of counsel, good cause having been shown and the Court deeming it just and proposed to do so, it is hereby ORDERED that:

1. This Joint Protective Order regarding confidentiality ("Protective Order") shall govern the use and treatment of information, documents, testimony or other tangible things produced in this action by the Plaintiff and Defendants, through the completion of this action and any and all appeals.

2. "Confidential Information" as used herein, means any information, in whatever form, produced in connection with formal discovery in this litigation, or is currently in the possession of a party of being produced in this action, that the party asserting confidentiality in good faith believes contains, reflects, or concerns its trade secrets, confidential business or commercial information, or other sensitive or proprietary information which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage, or disadvantage. Confidential Information includes, but is not limited to, proprietary business information, business plans, pricing, information relating to personnel matters, and financial and other sensitive information.

3. Confidential Information may not be used or disseminated except as provided in this Protective Order.

4. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies, or summaries of Confidential Information.

**THE DEFENDANTS' DOCUMENTS AND INFORMATION**

5. At this time, the following categories of documents contain the Defendants' Confidential Information and are subject to this Protective Order:

    a. Policies and procedures, marketing materials, financial records, employee pay plans, business operations, corporate strategy, and company sales information.

    This list is not exhaustive and, should other documents become at issue that the Defendants contend should be included within this Protective Order, the Defendants may at that time request, upon good cause and showing, that the Court should amend this

Protective Order to include the new category(ies) of documents to be subject to this Protective Order.

**CONFIDENTIALITY PROVISIONS**

6. Any information, documents, or tangible thing to be designated by a party as containing Confidential Information but not being produced, shall be identified in a detailed privilege log that meets the requirements of the Federal Rules of Civil Procedure.

7. Information, documents, or tangible things that are produced may be designated Confidential Information by affixing the legend "Confidential" to each item or document page so as not to obscure the text of the document in any way. In addition, deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such portion of the deposition wherein the "confidential" disclosed document is substantively discussed is protected by this Protective Order and providing the basis and privilege for the designation; or (b) stating in writing served upon counsel of record up to thirty (30) days after receipt of the deposition transcript (or if transcript has already been received thirty (30) days after this Order has been entered) that such deposition, or portion thereof, or exhibit is confidential.

8. Materials designed as "Confidential" may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:
    a. The parties in this lawsuit, or their employees involved in the management of this litigation;
    b. Counsel of record who represent the parties in this litigation and personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;
    c. Any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation;

d.  Independent expert witnesses or consultants, including trial or jury consultants, or other legal counsel retained by the parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);

e.  The Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit;

f.  Any mediator or arbitrator selected with the consent of all parties or by order of the Court; and

g.  Any other person with the consent of the parties or by order of the Court.

9. Confidential Information shall not be disclosed to any of the persons referred to in paragraphs 8(c) and 8(d) until such persons have been provided with a copy of this Protective Order and have agreed to be bound thereto by signing a copy of Exhibit A attached hereto. All parties shall retain any such signed copies of the Protective Order and make them available to counsel for other parties to this action upon request, except that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

10. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall comply with the procedures outlined in the United States District Court for the Eastern District of North Carolina's Electronic Case Filing Administrative Policies and Procedures Section T(1)(a)(6). The filing party shall provisionally file the Confidential Information under seal but shall not be required to file a motion to seal or otherwise defend another party's request that the materials remain sealed. (Section T(1)(a)(6)(i)). The party or parties desiring that the Confidential Information be maintained under seal shall file any motion to seal and supporting memorandum required by Sections T(1)(a)(1) and Section T(1)(a)(6)(ii).

11. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective immediately pending approval by the Court.

12. The parties agree that the Plaintiffs do not waive their right to later seek the Court's ruling as to whether the asserted confidentiality of the claimed documents is legally sufficient.

13. The Parties do not object to the confidentiality of any of the materials specifically described above, but the Plaintiff does not waive his right to later seek the Court's ruling as to the asserted confidentiality of the claimed documents is legally sufficient. In regard to any other alleged Confidential Information covered by the Protective Order, counsel for one party may at any time serve upon counsel for the other party a written notice of objection to any alleged materials designated as "Confidential" and challenge such assertion with the Court. The party asserting confidentiality shall, within fifteen (15) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the other party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached within fifteen (15) business days of receipt of such notice, the requesting party may apply, via a motion, to the Court for an order that the information or documents so designated are not entitled to such status and protection.

## BURDEN ON THE PROPONENT OF CONFIDENTIALITY

14. In the event of an application, via a motion, described in paragraph 13, above, in order to maintain the status of the information or documents as Confidential Information under this Protective Order, the proponent of confidentiality must make a showing demonstrating that the information or documents meet the requirements of law to support the claimed confidentiality and any and all privileges asserted.

15. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive, or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

16. Upon termination of this action, unless otherwise ordered by the Court, each party shall within thirty (30) days return to the other party all materials marked "Confidential" (and any copies

thereof) at the expense of the requesting party. Counsel for each party is obligated to collect all documents designated as "Confidential" from any experts, clients, or qualified third-parties to whom the counsel has provided a copy of a document designated as "Confidential." If requested, counsel for a party shall also furnish a certificate of compliance that all confidential materials produced to that party, as well as all summaries, excerpts, or copies of such materials have been collected and returned to the other party at the requesting party's expense.

17. If a party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, that party shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for the other party, identifying the Confidential Information sought and enclosing a copy of the subpoena.

18. This Court shall retain jurisdiction over the parties and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

19. No modifications of this Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the parties or directed by the Court.

20. The inadvertent or unintentional disclosure by any party of Confidential Information shall not be deemed a waiver in whole or in part of that party's claim of confidentiality under this Protective Order, either as to the specific information disclosed or as to any other information relating to or on the same or a related subject.

21. Pursuant to the Electronic Case Filing Administrative Policies and Procedures Manual § (T)(2), the parties must comply with the policies and procedures laid out in § (T)(1)(a)(1)(l) through (v) with respect to the filing of sealed material, which provides:

    T.    Restricted Access Documents

        (1)    Filing Restricted Documents in CM/ECF

            (a)    Sealed Documents

1. Except for motions filed under seal in accordance with Section (T)(1)(a)7 of this Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) the exact document or item, or portions thereof, for which filing under seal is requested;

(ii) how such request to seal overcomes the common law or the First Amendment presumption of access;

(iii) the specific qualifies of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) the reasons why alternatives to sealing are inadequate; and

(v) whether there is consent to the motion.

**SO ORDERED**, this <u>16th</u> day of August 2016.

*[signature]*

_____
THE HONORABLE LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

AGREED TO:

/s/ Raymond E. Dunn, Jr.
RAYMOND E. DUNN, JR.
N.C. Bar # 8739
CHARLES J. CUSHMAN
N.C. Bar # 36170
DUNN, PITTMAN, SKINNER & CUSHMAN, PLLC
3230 Country Club Road
Post Office Drawer 1389
New Bern, North Carolina 28563
rdunn@dunnpittman.com
ccushman@dunnpittman.com
*Counsel for the Plaintiff*

/s/ Matthew R. Gambale
GREGORY W. BROWN
NC Bar # 26238/ VA Bar # 36369
MATTHEW R. GAMBALE
NC Bar # 43359
ALLISON A. COHAN
NC Bar # 45940
BROWN LAW LLP
4130 Parklake Avenue, Suite 130
Raleigh, North Carolina 27612
T: 919.719.0854
F: 919.719.0858
gregory@brownlawllp.com
gambale@brownlawllp.com
allison@brownlawllp.com
*Counsel for the Defendants*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO. 7:15-CV-87-FL

| | |
|---|---|
| CHARLES E. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.O. STEVENSON, INC., STEVENSON | ) |
| AUTOMOTIVE, INC., SAG PAYROLL, LLC, | ) |
| and STEVENSON AUTOMOTIVE HOLDING | ) |
| COMPANY, LLC, d/b/a STEVENSON | ) |
| AUTOMOTIVE GROUP, | ) |
| | ) |
| Defendant. | ) |

   I have read the Protective Order concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

   I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.

Dated:

_____
[Signature]
[Printed Name]